IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

GREGORY HILL AND MISSISSIPPI FARM BUREAU                                PLAINTIFFS
MUTUAL INSURANCE CO.

VS.                                                              NO.: 3:05-CV31-MPM-SAA

GENERAL INSURANCE COMPANY OF
AMERICA                                                                   DEFENDANT

## ORDER

This cause comes before the court upon the competing motions of plaintiffs and defendant for summary judgment, pursuant to Fed. R. Civ. P. 56. The court, having considered the memoranda and submissions of the parties, is now prepared to rule.

On May 14, 2003, plaintiff Hill obtained a mortgage loan from Homeowner's Loan Corp. ("Homeowner's") on his property located in Lamar, Mississippi. On September 18, 2003, Homeowner's transferred its interest in the property to Household Mortgage Services, now HSBC Mortgage Services, Inc., its successor in interest ("Household"). At some time thereafter Household determined that it did not have proof of fire insurance on Hill's property as required by the terms of the Deed of Trust. Household sent correspondence to Hill at his mailing address advising that it did not have proof of fire insurance, requesting that Hill provide proof of insurance and advising that failure to do so would result in coverage being purchased to protect Household's interests. Hill did not respond to Household's inquiry.

At that time Household had in full force and effect a policy of insurance issued to it by General Insurance of America. The policy issued to Household by General is a "Portfolio

1

Security Policy" which provides for potential coverage to "eligible property" in which Household has a security interest. As a result of Hill's failure to provide proof of acceptable fire insurance on the mortgaged property, Household requested that its insurer provide coverage on Hill's property. Thereafter General sent correspondence to Hill at his mailing address advising that Household had requested coverage on the mortgaged property and advising of some of the limitations of such coverage, including the following:

> The insurance limits provided may only cover the current loan balance and may not be sufficient to completely restore the property in the event of a loss. If you provide proof of current coverage, this insurance will be cancelled using the effective date of your coverage. We encourage you to obtain acceptable replacement coverage.

On November 11, 2003, Hill's property was damaged by fire. At no time prior to that date did Hill notify General or Household of any fire insurance that was effective on the property. Thereafter Hill reported the fire to Farm Bureau and General. Farm Bureau undertook an investigation into the cause and origin of the fire and determined that the fire was accidental, likely the result of a furnace malfunction, and that the property was a total loss. Farm Bureau then determined that its policy of insurance provided coverage to Mr. Hill for his loss, and that the amount of coverage owed to Hill was the policy limit under Dwelling coverage of $136,500.00 and $799.20 under its Personal Property coverage.

Hill and Farm Bureau subsequently requested that General pay a pro-rata portion of the proceeds owed under the Dwelling coverage, based upon the "other insurance" clause contained in Farm Bureau's policy, in the amount of $66,339.00. General denied that coverage existed under the policy, and issued a denial of coverage letter to its insured, Household. Farm Bureau advised that it was making payment to Hill for the full amount of the Coverage A limits under

the Farm Bureau policy and that it would seek contribution from General for the pro-rata amount. Farm Bureau made checks payable to Hill and Household for the amount of the Coverage A limits and tendered the amount to Hill. Pursuant to the terms of the policy issued by General to Household, General cancelled Household's policy on the Hill Property and returned the full premium charged to Household. Household accepted the return of premium and has not questioned General's denial of coverage under the General policy. Household returned the premiums it charged to Hill, and those sums were accepted by Hill despite counsel and Farm Bureau's request that he not do so. On January 3, 2005, Hill and Farm Bureau filed the instant action in the Circuit Court of Marshall County, and the action was removed to this court on the basis of diversity jurisdiction.

## ANALYSIS

The court has reviewed the complaint in this case and conspicuously absent is the mention of any actual cause of action pursuant to which Farm Bureau might seek recovery against General. Farm Bureau has no arguable contractual relationship with General, and it seems clear that the unstated basis for Farm Bureau to have sued General is a cause of action for contribution. Farm Bureau's failure to explicitly mention contribution in its complaint is understandable, given that it is well established that such a cause of action simply does not exist under Mississippi law absent a joint judgment among the parties which is clearly not present here. In *Estate of Hunter v. GM*, 729 So.2d 1264, 1276 (Miss. 1999), the Mississippi Supreme Court made it clear that while this traditional Mississippi rule barring contribution is arguably unfair, it nevertheless remains the law in this state following the enactment of Miss. Code Ann. § 85-5-7. Commentators have lamented the lack of a contribution cause of action under

3

Mississippi law, *See Wilson v. Giordano Ins. Agency, Inc.*, 475 So.2d 414, 419-20 (Miss. 1985)(Robertson dissenting), but the fact remains that the Mississippi Legislature has not seen fit to create such a cause of action to date.

Even if this court were to assume that Farm Bureau has the legal right to seek contribution from General (which it does not), the court would nevertheless conclude that it should not be entitled to do so under the facts of this case. In the court's view, the General policy in this case was clearly obtained by the mortgage lender Household to cover its own interests in the event that one of its mortgage borrowers failed to obtain insurance on the property. It is clear that Hill did obtain Farm Bureau coverage on his home, but it is also clear that he improperly failed to provide his lender with notice of the fact that he had done so. As a result of this failure on Hill's part, the lender was forced to obtain the General policy from which Farm Bureau and Hill seek recovery herein. As such, this action by Hill (and by extension Farm Bureau) only exists because of Hill's own failure to provide his lender with notice of the coverage which he had obtained.

It is in this context which this court must analyze the competing "other insurance" clauses set forth in the Farm Bureau and General policies. The Farm Bureau policy contains a "pro rata" clause which provides that

> 7. Other insurance. If a loss covered by this policy is also covered by other insurance, we will pay only the proportion of the loss that the limit of liability that applies under this policy bears to the total amount of insurance covering the loss.

The General policy, by contrast, contains an "escape" clause which provides that "[t]his insurance shall not apply if there is other valid and collectible insurance." The parties agree that there exists no Mississippi Supreme Court authority regarding how a "pro rata" and "escape" clause set forth in competing insurance policies should be reconciled with each other.

Plaintiffs argue that these two clauses are mutually repugnant, based upon Mississippi authority holding that where two policies independently provide primary coverage, yet contain "other insurance" clauses, which, if enforced, would leave the insured without any coverage, the clauses are repugnant and must be disregarded. *See Travelers Indemnity Co., v. Chappell,* 246 So. 2d 498 (Miss. 1971); *Allstate Ins. Co., v. Chicago Ins. Co.,* 676 So. 2d 271 (Miss. 1996). While it seems likely that a "pro rata" and "escape" clause might validly be held to be mutually repugnant as a matter of equity in an appropriate case, the court concludes that this is not such a case. The court concludes that, within the particular facts of this case, it would not be at all "repugnant" to simply enforce the "escape" clause set forth in the General policy as written. The "pro rata" clause in Farm Bureau's policy only applies if the " loss covered by this policy is also covered by other insurance." However, it is clear both from the escape clause in the General policy and from the context in which the policy was acquired that the General policy was only intended to cover losses in cases in which the borrower had improperly failed to acquire insurance on his property.

To reiterate, it was only Hill's failure to provide notice of his having obtained coverage to his lender which necessitated the lender's purchase of the General policy in the first place. Moreover, it is undisputed that Farm Bureau has paid Hill the full $136,500 for the fire loss which he suffered. There is no indication that Farm Bureau collected a reduced premium from Hill, and it does not appear to this court that Farm Bureau is in any worse position than it would be in any other case in which it is required to make good upon a loss which it has insured.[1]  The

---

[1] Even if the court were to assume purely *arguendo* that Farm Bureau was under no legal obligation to pay in excess of its pro-rata amount, the court would still conclude that Farm Bureau volunteered payments in excess of that amount within the meaning of relevant Fifth

5

court concludes that the "escape" provision in the General policy is consistent with the nature of the force-placed insurance in this case, the purpose of which is to protect the interests of the lender in the event that the borrower fails to comply with his duty to obtain insurance on the property at issue.[2]

In light of the court's conclusion that General properly refused to pay under its insurance policy in this case, it necessarily follows that Hill's action for contractual and extra-contractual damages must be dismissed. To rule otherwise would be to reward plaintiff for his own failure to comply with the terms of his mortgage agreement. In addition to having no contractual right to obtain benefits from General in light of his having obtained coverage from Farm Bureau, the court would also note that Hill has already obtained a full satisfaction in regards to his loss by fire. Indeed, the complaint indicates that the $136,500 which he received from Farm Bureau was $7,500 more than the amount which he would have received under the General policy, and it thus seems clear that plaintiff did benefit from having obtained coverage from Farm Bureau.

In light of the foregoing, General's motion [70-1] for summary judgment is granted, and plaintiffs' motion for summary judgment [43-1] is denied.

---

Circuit authority. *See Genesis Ins. Co., v. Wausau Ins. Co.,* 343 F.3d 733, 736 (5th Cir. 2003).

[2]The court would note that there are other provisions in the insurance contract, discussed in General's brief, which, when properly interpreted within the context of force-placed insurance, support General's motion for summary judgment. The court need not discuss these alternative bases, in light of the court's previously stated conclusions.

6

A separate judgment will be issued this date in accordance with Fed. R. Civ. P. 58.

**SO ORDERED**, this the 21st day of August, 2006.

                                                      **U.S. DISTRICT JUDGE**